

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00092-CR

EX PARTE DESEAN LAVERNE MCPHERSON

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27362

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Desean Laverne McPherson was convicted of tampering with or fabricating physical evidence and was sentenced to ten years' incarceration, suspended in favor of five years' community supervision. This Court affirmed the trial court's judgment. *See McPherson v. State*, No. 06-18-00218-CR, 2019 WL 2220119, at *4 (Tex. App.—Texarkana May 23, 2019, no pet.) (mem. op., not designated for publication). McPherson filed an application for a writ of habeas corpus in the trial court pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. The trial court denied the writ, and this appeal ensued. We abate the appeal and remand this case to the trial court for additional findings of fact and conclusions of law.

## I. Background

The evidence at trial showed that Trooper Michael Townes of the Texas Highway Patrol stopped McPherson for speeding after McPherson sped past Townes in his truck going eighty-four miles per hour (m.p.h.) in a seventy-five-m.p.h. zone. *McPherson*, 2019 WL 2220119, at *1. After pursuing McPherson as his truck changed from the left to the right lane, Townes activated his siren when the truck began driving on the shoulder. *Id.* At that point, Townes noticed small objects fly out of the truck's window and hit Townes's windshield. *Id.* Townes testified that he later returned to the area where he had seen the objects fly out of the vehicle and hit his windshield and discovered several cigarillos, identified as containing marihuana. *Id.* Following his conviction of tampering with or fabricating physical evidence, McPherson claimed on appeal that the evidence was insufficient to support his conviction because the State failed to

2

prove that he knew a law enforcement investigation was in progress at the time Townes saw the objects thrown from the truck. *Id.* at *3.

In April 2020, McPherson filed an application for a writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. In support of his application, McPherson claimed that counsel[1] was ineffective because he did not argue, in the motion for directed verdict[2] and on appeal, that tossing contraband out of a car and onto the shoulder, where the contraband was easily retrieved, was not concealment. *See Stahmann v. State*, 548 S.W.3d 46, 57 (Tex. App.—Corpus Christi 2018), *aff'd*, 602 S.W.3d 573 (Tex. Crim. App. 2020) (appellate court concluded that "[a]ctual concealment requires a showing that the allegedly concealed item was hidden, removed from sight or notice, or kept from discovery or observation"). McPherson claimed that, had counsel argued that he concealed nothing under *Stahmann*, "it's reasonably likely [the trial court] would have granted McPherson's motion for directed verdict or the court of appeals would have held that the evidence [was] insufficient." McPherson requested an evidentiary hearing in the trial court. The trial court issued its order denying habeas relief without the benefit of an evidentiary hearing.

The trial court made the following fact-findings:

1.      Applicant was charged in the Sixth Judicial District Court, Lamar County, Texas, in cause number 27362 with the offense of Tampering with or Fabricating Physical Evidence.

2.      Sajeel Khaleel represented Applicant as lead counsel at trial and was co-counsel on appeal.

---

[1]R. Keith Walker and Sajeel S. Khaleel represented McPherson at trial and on appeal. Khaleel is listed as McPherson's attorney on the judgment of conviction.

[2]McPherson contends that counsel moved, without argument, for a directed verdict at trial, which was denied.

3

3.  The case was tried before a jury on November 8, 2018.

4.  At the conclusion of the State's case-in-chief, Mr. Khaleel moved for a directed verdict on unspecified grounds. The trial court denied the motion for directed verdict. The jury subsequently found Applicant guilty as charged in the indictment.

5.  Applicant filed a notice of appeal on December 26, 2018. Applicant's appellate brief was filed on March 19, 2019.

6.  Mr. Khaleel passed away on March 30, 2019[,] and the trial court was notified of that by R. Keith Walker, Applicant's lead appellate counsel.

7.  Applicant's conviction was affirmed by the 6th Court of Appeals on May 23, 2019.

8.  Applicant alleged in his Application for Writ of Habeas Corpus that Mr. Khaleel provided ineffective assistance by failing to direct the trial court's attention to the holding in *Stahmann v. State*, 548 S.W.3d 4[6] (Tex. App.—Corpus Christi 2018).

9.  The opinion in *Stahmann* was issued on January 4, 2018. A petition for discretionary review was filed on July 6, 2018. The petition was granted by the Court of Criminal Appeals on October 10, 2018. The opinion affirming the appellate court was not rendered until April 22, 2020, approximately 17 months after Applicant's trial.

10. The trial court is located within the Sixth Appellate District. The trial court is not located within the Thirteenth Appellate District.

11. The opinion in *Stahmann* was unsettled law at the time of the Applicant's trial.

12. Even if Mr. Khaleel had directed this court's attention to *Stahmann*, this court would not have granted a directed verdict based on unsettled case law arising from outside the Sixth Appellate District.

13. Applicant filed his Application for Writ of Habeas Corpus on April 30, 2020, over a year after Mr. Khaleel passed away. Applicant request[ed] an affidavit from Mr. Khaleel via email to the trial court on July 16, 2020.

14. There is no feasible means for obtaining an affidavit from the deceased Mr. Khaleel.

15. This court has indulged the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" required by *Strickland v. Washington*, 446 U.S. 668, 689 (1984); and the Court specifically finds that Mr. Khaleel's performance was not deficient.

As a result of these findings,[3] the trial court concluded that McPherson failed to show that trial counsel's representation was objectively unreasonable and that he was prejudiced by deficient representation. The trial court further concluded that trial counsel was not ineffective and that McPherson's due process rights were not violated.

McPherson objected to the trial court's findings of fact and conclusions of law on the basis that, among other things, (1) the court's findings failed to address the claim that appellate counsel was ineffective for failing to raise the *Stahmann* issue on appeal, (2) the court denied the application without taking testimony from appellate counsel on why he ignored the issue, and (3) the trial court's implicit finding that appellate counsel acted reasonably in failing to raise the issue on appeal is not based on any evidence in the record. McPherson renewed his request that evidence be taken on the ineffective assistance of counsel claim. The trial court thereafter entered an order dismissing the application because relief had been denied.

## II. Standard of Review and Applicable Law

"An applicant seeking relief via the writ of habeas corpus must prove his claim by a preponderance of the evidence." *Ex parte Graves*, 436 S.W.3d 395, 396 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997)). In our

---

[3]The trial court's order denying relief directed counsel for the State to forward proposed findings of fact and conclusions of law to the court and to opposing counsel.

review of the trial court's ruling on a post-conviction application for writ of habeas corpus, "we view the evidence in the light most favorable to the trial court's ruling, and we uphold that ruling absent an abuse of discretion." *Id.* (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007)). "We afford almost total deference to the habeas court's findings of historical fact, so long as the findings are supported by the record." *Id.* (citing *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004)). "When resolution of the ultimate question turns solely on an application of legal standards, our review is de novo." *Id.* (citing *Peterson*, 117 S.W.3d at 819)).

## III. Analysis

On appeal, McPherson claims that the findings issued by the trial court did not address his argument that appellate counsel failed to raise the concealment issue on appeal and that the trial court erred in failing to take testimony from appellate counsel. As a result, McPherson seeks a remand to the trial court for the entry of additional findings and conclusions. We agree and remand this case to the trial court for the entry of additional findings and conclusions consistent with this order.[4]

### A. Failure to Address Potentially Dispositive Issue Requires Remand for Additional Findings and Conclusions

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant

---

[4]McPherson also claims that the trial court erred in failing to explain its implicit finding that appellate counsel acted reasonably in failing to raise the concealment issue on appeal. In light of our disposition, we do not address this issue.

seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. A person seeking relief pursuant to Article 11.072 must file an application for a writ of habeas corpus with "the clerk of the court in which community supervision was imposed." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a). "At the time the application is filed, the applicant must be, or have been, on community supervision," and the application must challenge the legal validity of "the conviction for which or order in which community supervision was imposed . . . ." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(b). If the trial court "determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a). If the trial court does not find the application to be frivolous, it "shall enter a written order including findings of fact and conclusions of law." *Id.* Because the trial court entered findings of fact and conclusions of law, it did not find the application frivolous on its face. It, therefore, "assumed an obligation to make findings and conclusions that were adequate and complete, covering every potentially dispositive issue." *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011).[5]

---

[5]The State contends that, because *Stahmann* was unsettled law at the time of trial and appeal, trial and appellate counsel could not have been ineffective for failing to raise the issue of concealment. In January 2018, our sister court (prior to affirmance by the Texas Court of Criminal Appeals) held that evidence was insufficient to support the element of concealment where the defendant threw a pill bottle over a cyclone-fence before law enforcement arrived. The bottle landed on top of the grass where it was visible to law enforcement. *See Stahmann*, 548 S.W.3d at 55 (providing additional facts). McPherson claims, however, that several appellate courts had adopted the same or similar definition of "concealment" before the Texas Court of Criminal Appeals weighed in on the issue. We decline, at this juncture, to delve into the merits of the trial court's decision in the absence of full and complete findings of fact and conclusions of law.

Rule 44.4 of the Texas Rules of Appellate procedure states that we may not affirm or reverse a trial court's judgment if "the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals" and if "the trial court can correct its action or failure to act." TEX. R. APP. P. 44.4. Under these circumstances, we are to "direct the trial court to correct the error." *Id.*; *see Elias*, 339 S.W.3d at 677; *State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (absence of express findings leave appellate courts in the "undesirable position of having to make assumptions about the reasons for the trial court's decision" and having to "infer facts from an unexplained ruling").

### B.      Evidence is Required for Adequate and Complete Findings and Conclusions

On remand, the trial court is directed to enter findings of fact and conclusions of law regarding McPherson's claim that appellate counsel was ineffective for failing to argue that the element of concealment was not present in his case of conviction. Yet, in order to have adequate information to enter such findings and conclusions, the trial court will require evidence from appellate counsel regarding the reasons for this omission.

"In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." TEX. CODE CRIM. PROC. ANN. art 11.072, § 6(b). A writ hearing is not required if the fact-finding procedure is adequate for reaching reasonably correct results. *See Ex part Davila*, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975) (op. on reh'g); *Ex parte Salazar*, 510 S.W.3d 619 (Tex. App.—El Paso 2016, pet. ref'd) (evidentiary hearing not required when the issues can be resolved without one). The record before us, however, includes no evidence of appellate counsel's reasons for failing to contend

8

that the element of concealment was not present in McPherson's case of conviction. Without the necessary evidence, the trial court is not in a position to enter the required findings and conclusions.[6] The trial court has any number of options to obtain this evidence; we do not direct it to do so in any particular manner. *See* TEX. CODE CRIM. PROC. ANN. art 11.072, § 6(b).

## IV. Conclusion

We abate the appeal and remand this case to the trial court with instructions to issue further findings of fact and conclusions of law as required for a meaningful review of this case.[7] A supplemental clerk's record containing those findings of fact and conclusions of law shall be filed within five days of the entry of such findings and conclusions. A supplemental reporter's record of any hearing conducted in accordance with this order—should one be conducted—shall be filed with this Court no later than ten days after such hearing. This appeal will be reinstated once the supplemental record is filed. On reinstatement, this Court will consider the merits of the appeal.[8]

IT IS SO ORDERED.

BY THE COURT

Date: December 8, 2020

---

[6]The trial court indulged the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" required by *Strickland*, 446 U.S. at 689. *Strickland* affords the defendant an opportunity, however, to overcome this presumption by identifying "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

[7]"This avoids improper "appellate speculation . . . and assures that appellate review . . . will be based upon the actual findings of the judicial entity to which the fact finding function is institutionally assigned . . . ." *Elias*, 339 S.W.3d at 677.

[8]Additional briefing on issues raised by the completed findings of fact and conclusions of law will be permitted.

9